# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 10, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SCOTTIE ELSWICK,**
**Claimant Below, Petitioner**

**vs.)   No. 17-0161**  (BOR Appeal No. 2051494)
                            (Claim No. 2015001527)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**EASTERN ASSOCIATED COAL, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Scottie Elswick, by Reginald Henry his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by Henry Bowen its attorney, filed a timely response.

The issue presented in the instant appeal is Mr. Elswick's request to add thoracic or lumbosacral neuritis or radiculitis, unspecified, as a compensable component of his claim for workers' compensation benefits.[1] On February 4, 2016, the claims administrator denied a request to add unspecified thoracic or lumbosacral neuritis or radiculitis, other injury of other sites of the trunk, other and unspecified injury to the shoulder and upper arm, disorder of the bursae and tendons in the shoulder region (rotator cuff syndrome), lumbosacral joint ligament sprain, and displacement of a lumbar intervertebral disc without myelopathy as compensable components of Mr. Elswick's claim.[2] The Office of Judges by Order dated August 8, 2016, modified the claims

---

[1] On July 15, 2015, the claims administrator closed the claim on a temporary total disability basis. The affirmation by the Office of Judges and the Board of Review of the July 15, 2015, decision was not appealed to this Court

[2] The affirmation by the Office of Judges and Board of Review of the February 4, 2016, decision denying the request to add other injury of other sites of the trunk, other and unspecified injury to

administrator's decision to reflect that the diagnosis of disorder of bursae and tendons in the shoulder region (rotator cuff syndrome) is a compensable component of Mr. Elswick's claim.[3] This appeal arises from the Board of Review's Final Order dated January 23, 2017, in which the Board affirmed the Order of the Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Elswick injured his cervical spine, lumbar spine, and right shoulder when he fell on July 7, 2014, in the course of and resulting from his employment with Eastern Associated Coal. On the date of injury, he sought treatment in the emergency department of Charleston Area Medical Center, where he was diagnosed with back and right shoulder pain. X-rays of the lumbar spine were obtained and revealed degenerative joint disease. Mr. Elswick's claim for workers' compensation benefits was held compensable for a cervical sprain, a lumbar sprain, and a right shoulder sprain on July 22, 2014. The MRI report from Thomas Memorial Hospital dated July 30, 2014, revealed multilevel degenerative disc disease of the lumbar spine, degenerative disease of the right shoulder, and a partial thickness tear of the supraspinatus and infraspinatus tendons in the right shoulder.

Amid ongoing complaints of radiating lower back pain, Mr. Elswick underwent an EMG, which did not reveal any evidence of neuropathy or radiculopathy. Additionally, Rida Mazagri, M.D., performed a neurosurgical consultation on November 5, 2014, during which it was noted that Mr. Elswick began experiencing bilateral hip and back pain following a work-related accident in September of 2013. After reviewing the results of the July 30, 2014, lumbar spine MRI, Dr. Mazagri opined that Mr. Elswick's current symptoms are most likely attributable to multilevel degenerative disc disease. The claims administrator closed the claim on a temporary total disability basis on July 15, 2015.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on April 27, 2015. Dr. Mukkamala opined that Mr. Elswick has reached maximum medical improvement and requires no further treatment in relation to the compensable injury. Specifically, Dr. Mukkamala opined that further treatment of the lumbar spine would be aimed at the treatment of non-

---

the shoulder and upper arm, a lumbosacral joint ligament sprain, and displacement of an intervertebral disc without myelopathy was not appealed to this Court.

[3] *See supra* note 1 wherein the Office of Judges by Order entered August 8, 2016, also affirmed the July 15, 2015, claims administrator's decision.

compensable degenerative changes. He also noted that the results of the EMG did not reveal any neurological deficits.

On October 1, 2015, Mr. Elswick sought treatment with Richard Bowman, M.D., who diagnosed Mr. Elswick with a bulging lumbar intervertebral disc, lumbar radiculopathy, and chronic pain syndrome. Dr. Bowman performed a lumbar discogram on December 4, 2015, and opined that the L2-3 and L3-4 discs are both concordant for the lower back pain with radiation currently experienced by Mr. Elswick. A repeat lumbar spine MRI performed on December 29, 2015, revealed degenerative changes with areas of canal and foraminal stenosis.

On January 6, 2016, Richard Knapp Jr., M.D., Mr. Elswick's primary care provider, authored a diagnosis update request. Dr. Knapp listed Mr. Elswick's primary diagnosis as an injury to unspecified sites of the trunk and listed his secondary diagnoses as an unspecified injury to the shoulder and upper arm, a tear of the supraspinatus tendon, a lumbosacral strain, lumbar radiculopathy, and a bulging lumbar disc. Additionally, Mr. Elswick sought treatment with orthopedic surgeon Rajesh Patel, M.D., on January 13, 2016. Dr. Patel diagnosed Mr. Elswick with discogenic pain at L2-3 and L3-4, degenerative disc disease at L2-S1, lumbago, a lumbar sprain, lumbar facet arthropathy at L2-S1, and lumbar radiculitis.

On February 4, 2016, the claims administrator denied Dr. Knapp's request to add unspecified thoracic or lumbosacral neuritis or radiculitis, other injury of other sites of the trunk, other and unspecified injury to the shoulder and upper arm, disorders of the bursae and tendons in the shoulder region (rotator cuff syndrome), lumbosacral joint ligament sprain, and displacement of a lumbar intervertebral disc without myelopathy as compensable components of Mr. Elswick's claim. In response to the claims administrator's denial of his request to add the additional diagnoses as compensable components of the claim, Dr. Knapp authored a letter on May 3, 2016. Dr. Knapp stated that he requested the addition of lumbosacral neuritis or radiculitis as a compensable diagnosis because Mr. Elswick reported experiencing symptoms of numbness, tingling, and radiation of pain into the lower extremities that were not present prior to the July 7, 2014, injury.

The Office of Judges modified the February 4, 2016, claims administrator's decision denying Dr. Knapp's request to add additional diagnoses as compensable components of the claim to reflect that disorder of bursae and tendons in the shoulder region (rotator cuff syndrome) is a compensable diagnosis.[4] The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated January 23, 2017. On appeal, Mr. Elswick asserts that the evidence of record demonstrates that he developed lumbosacral radiculitis as a result of the July 7, 2014, injury.

---

[4]We once again note that the closure of the claim on a temporary total disability basis and the denial of the request to add other injury to other sites of the trunk, other and unspecified injury to the shoulder and upper arm, a lumbosacral joint ligament sprain, and displacement of an intervertebral disc without myelopathy were not appealed to this Court.

Regarding the request to add thoracic or lumbosacral neuritis or radiculitis as a compensable diagnosis, the Office of Judges noted that neither the September 12, 2014, EMG nor Dr. Mukkamala's April 27, 2015, evaluation reveal any evidence of neurological deficits. The Office of Judges further found that the evidence of record indicates that Mr. Elswick began experiencing symptoms of radiculitis/neuritis after being involved in a work-related accident that occurred in 2013 and is unrelated to the instant claim. The Office of Judges then concluded that the evidence of record demonstrates that Mr. Elswick's symptoms, which Dr. Knapp relates to the July 7, 2014, injury and which he diagnosed as lumbosacral neuritis or radiculitis, arose from pre-existing conditions rather than the July 7, 2014, injury. We agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  October 10, 2017**


**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Elizabeth D. Walker

**DISSENTING:**
Justice Menis E. Ketchum

4